UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-80457-CIV-HURLEY/HOPKINS

SERVILIO CARDOSO, et. al.

    Plaintiffs,

v.

FRANKLIN FIRST FINANCIAL, LTD., et. al.

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS COUNTS IX AND X

**THIS CAUSE** comes before the court upon defendants' motions to dismiss Counts IX and X of the complaint [DE # 5,6]. For the reasons given below, the court will grant defendants' motions.

### BACKGROUND

This is an action to recover from the defendants: (a) overtime compensation pursuant to the Fair Labor Standards Act; (b) unpaid wages pursuant to Fla. Stat. § 448.08; and (c) damages allegedly resulting from conversion. The complaint was filed on April 28, 2008 [DE # 1]. On July 3, 2008, the defendants filed the instant motions to dismiss Counts IX and X.

### JURISDICTION

This court has jurisdiction over plaintiffs' Fair Labor Standards Act claims pursuant to 28 U.S.C. § 1331 because the complaint asserts claims under 29 U.S.C. § 216. This court has supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

Venue is proper in this court pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events giving rise to the claim occurred in the Southern District of Florida.

DISCUSSION

A.     *Standard on Motion to Dismiss*

Granting a motion to dismiss is appropriate when a complaint contains simply "a formulaic recitation of the elements of a cause of action." *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). To survive a motion to dismiss, a complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence" in support of the claim and that plausibly suggest relief is appropriate. *Id.* On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Wright v. Newsome,* 795 F.2d 964, 967 (11th Cir. 1986). The threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim upon which relief can be granted. *See Ancata v. Prison Health Servs., Inc.,* 769 F.2d 700, 703 (11th Cir. 1985). Regardless of the alleged facts, a court may dismiss a complaint on a dispositive issue of law. *See Marshall County Bd. Of Educ. v. Marshall County Gas Dist.,* 992 F.2d 1171, 1174 (11th Cir. 1993).

B.     *Defendants' Motions to Dismiss*

Counts IX and X of the complaint assert state law conversion claims against each defendant separately. The alleged conversion is nothing more than the defendants' failure to pay plaintiffs the wages due them under their respective employment contracts and the FLSA.

Under Florida law, "a simple debt which can be discharged by the payment of money cannot generally form the basis of a claim for conversion or civil theft." *Gasparini v. Pordomingo*, 972 So.2d 1053, 1055 (Fla. 3d DCA 2008). "A debt which may be discharged by the payment of money in general cannot form the basis of a claim for conversion." *Rosen v. Marlin*, 486 So.2d 623, 625 (Fla. 3d DCA 1986). This does not mean that there can never be a claim for conversion if there is a

Order Granting Defendant's Motion to Dismiss
Cardoso, et. al. v. Franklin First Financial, Ltd., Inc. et. al.
Case No. 08-80457-CIV-HURLEY/HOPKINS

contractual relationship between the parties, but rather that the conversion "must go beyond, and be independent from, a failure to comply with the terms of the contract." *Gasparini*, 972 So.2d at 1055. The defendant must do something, beyond simply failing to perform his contractual obligations (or failing to pay overtime wages required by the FLSA), which constitutes "an act in derogation of the plaintiff's possessory rights... depriving him of the possession, permanently or for an indefinite time." *Star Fruit Co. v. Eagle Lake Growers*, 33 So.2d 858, 860 (Fla. 1948). So the mere failure to deliver property as required by a contract does not, standing alone, give rise to a claim for conversion.

Here, the allegedly converted property was never the plaintiffs' to convert. Plaintiffs here merely allege that it is owed to them, not that it was ever in plaintiffs' possession or under their ownership. If this were sufficient to state a claim for conversion, every breach of contract claim would contain within it a conversion claim. This is not the case under Florida law. Defendants' motions to dismiss Counts IX and X must therefore be granted.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1. Defendants' motions to dismiss Counts IX and X of the complaint [DE # 5,6] are **GRANTED**.

2. Counts IX and X of the complaint are **DISMISSED.**

**DONE** and **SIGNED** in Chambers at West Palm Beach, Florida this 17th day of June, 2008.

Daniel T. K. Hurley
United States District Judge

*Copies furnished to counsel of record*